## In the Matter of Kathryn R. JANEWAY, Respondent.

No. 32S00–1207–DI–421.

Supreme Court of Indiana.

Jan. 28, 2013.

### PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Based on an incident on February 8, 2012, Respondent pled guilty to operating a vehicle while intoxicated ("OWI"), a class A misdemeanor. At the time of her arrest, she was a deputy prosecutor for Hendricks County. She has since been terminated from that position.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent self-reported her arrest and conviction to the Commission; (3) Respondent contacted R7 Health at

Methodist Hospital after her arrest and is in full compliance with its recommended treatment program; and (4) Respondent had no prior OWI arrests or convictions.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(d), which prohibits engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.